08-0633-ag
Zhou v. Holder

BIA
A098 272 444

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand ten.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge,*
 JON O. NEWMAN,
 PIERRE N. LEVAL,
  *Circuit Judges.*

_____

XIAO HONG ZHOU,
 *Petitioner,*

 v.                                    08-0633-ag

                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
 *Respondent.*

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Theodore N. Cox, New York, New York.

**FOR RESPONDENT:**     Gregory G. Katsas, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiao Hong Zhou, a native and citizen of China, seeks review of a January 11, 2008, BIA order denying her motion to reopen. *In re Xiao Hong Zhou*, No. A098 272 444 (B.I.A. Jan. 11, 2008). Zhou's motion to reopen was based on her claim that she fears persecution on account of the birth of her U.S. citizen children in violation of China's family planning policy. The government argues that we lack jurisdiction to review any challenge to the BIA's denial of Zhou's motion to reopen because the agency pretermitted as untimely her original asylum application based on the birth of her U.S. citizen children. We assume hypothetical jurisdiction in this case because "the jurisdictional issues are complex and the substance of the claim is . . . plainly

without merit." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006).

For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decision denying Zhou's motion to reopen. *See id.* at 168-72. Although Zhou is from Zhejiang Province and the petitioners in *Jian Hui Shao* are from Fujian Province, before the agency, as in her counseled brief to this Court, Zhou relied on the evidence considered in *Jian Hui Shao* and country conditions evidence related to provinces other than Zhejiang. Additionally, as with the evidence discussed in *Jian Hui Shao*, the record evidence related to Zhejiang Province either does not discuss forced sterilization or references isolated incidents in which individuals not similarly situated to Zhou were persecuted. *See id.* at 160-61.

For the foregoing reasons, this petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk